BALDWIN *v.* ROSIER *et al.*

(*Circuit Court, D. Iowa.* May, 1880.)

INFANCY—AVOIDANCE OF MORTGAGE—RIGHTS OF THIRD PERSONS.

In a suit to foreclose a mortgage given by an infant the defense of infancy is personal to the mortgagor, and cannot be set up by a subsequent lienholder.

In Equity. Bill to foreclose a mortgage.
*Brown & Dudley,* for plaintiff.
*J. W. Rogers & Son,* for defendants.

McCRARY, J., (*orally.*) This is a bill to foreclose a mortgage executed by the defendant Rosier to the plaintiff to secure a promissory note. The defendant Rosier seeks to avoid the contract sued on by pleading his infancy at the time of its execution. The defendant Davis holds a subsequent lien on the premises mortgaged, and he joins with Rosier in his answer, and pleads the infancy of his co-defendant, Rosier, as a defense. To this answer, so far as Davis is concerned, the complainant excepts. The contract of an infant is not necessarily void, but only voidable, since the infant has an election to avoid it during his minority, and affirm it after reaching his majority. The privilege of avoiding his acts or contracts, when they are voidable only, and not absolutely void, is personal to the infant, and one which no one can exercise for him, except his heirs or legal representatives. A person, not a party to the contract, cannot take advantage of the infancy of the parties to it. It is a personal privilege. Schouler, Dom. Rel. (2d Ed.) 534, 535. I am of the opinion that the defendant Davis cannot set up as a defense the infancy of the defendant Rosier. The exceptions to his answer are therefore sustained.